UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION NO. 14-CV-32 |
| VERSUS | JUDGE SHELLY D. DICK |
| EDWARD W. CHAUNCEY, THERESA HILLS-CHAUNCEY, J.P. MORGAN CHASE BANK, N.A., and LOUISIANA DEPARTMENT OF REVENUE | MAGISTRATE JUDGE RIEDLINGER |

## RULING

This matter is before the Court on the *Motion for Entry of Default Judgment against Edward W. Chauncey*[1] by the United States of America. Defendant, Edward W. Chauncey, has failed to respond to this motion much the same way he has failed to respond to any pleadings in this case. For the following reasons, the United States' motion will be granted.

I. **BACKGROUND**

On January 14, 2014, the United States filed a *Complaint*[2] against the Defendants in this matter. Counts I, II, & III ask the Court to enter judgment against Edward W. Chauncey for: (1) unpaid federal income tax liabilities for the tax years 1995, 1996, 1999,

---

[1] Rec. Doc. No. 29.

[2] Rec. Doc. 1.

2001, 2002, 2003, 2005, 2006, 2007, and 2008; (2) unpaid federal employment tax liabilities for the third and fourth quarters of 1995 and the first, third, and fourth quarters of 1996; and (3) unpaid federal unemployment tax insurance tax liabilities for tax years 1995 and 1996. The record reflects that Edward W. Chauncey was properly served on May 2, 2014. Chauncey has never filed an answer or otherwise responded in any manner to the *Complaint*. Thus, on October 15, 2014, the United States sought entry of default by the Clerk of Court as to Edward W. Chauncey. The Clerk of Court entered his *Order*[3] of default against Edward W. Chauncey on October 16, 2014. The record reflects that a copy of this *Order* was sent to Chauncey at the same address he was personally served with the *Complaint*, but this was returned by the United States Postal Service. A second attempt at another address was made with the same unsuccessful results.

The Magistrate Judge conducted a status conference on October 29, 2014, at which Edward W. Chauncey appeared in person. Chauncey failed to give any explanation for his failure to answer the *Complaint*. Chauncey was advised at this conference that the United States would seek entry of a Default Judgment regarding his personal liability for the unpaid taxes. To date, Chauncey has still failed to answer or otherwise respond to the *Complaint*. The United States now moves for entry of a Default Judgment against Edward W. Chauncey.

II. **LAW**

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.... [T]hey are 'available only when the

---

[3] Rec. Doc. 21.

adversary process has been halted because of an essentially unresponsive party.'"[4] This policy, however, is "counterbalanced by considerations of social goals, justice and expediency, a weighing process [that] lies largely within the domain of the trial judge's discretion."[5] Considering these guidelines, "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default."[6] Further, while the Court must accept pleaded facts as true, it retains the obligation to determine whether those facts state a claim upon which relief may be granted.[7]

In determining whether a default judgment should be entered against a defendant, courts have developed a two-part analysis.[8] First, a court must consider whether the entry of default judgment is appropriate under the circumstances.[9] The factors relevant to this inquiry include: (1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged to set

---

[4] *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir.1989) (quoting *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691, 139 U.S.App. D.C. 256 (D.C. Cir.1970)).

[5] *Rogers*, 167 F.3d at 936 (internal citations omitted).

[6] *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir.1996); *see also Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975).

[7] *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir.2001).

[8] *Busi and Stephenson Ltd. v. U.S. Trade Finance Corp.*, No. 3:13–CV–3935–B, 2014 WL 1661213, at *1, 2014 U.S. Dist. LEXIS 57730, at *3 (N.D.Tx. April 25, 2014) (citing cases); *Fidelity & Guaranty Life Insurance Company v. Unknown*, No. 13–CV–412–PRM, 2014 WL 2091257, at *2, 2014 U.S. Dist. LEXIS 71313, at *5–6 (W.D.Tx. May 16, 2014) (citing cases).

[9] *See Lindsey*, 161 F.3d at 893.

aside the default on the defendant's motion.[10] Second, a court must assess the merits of the plaintiff's claims and find sufficient basis in the pleadings for the judgment.[11]

III. ANALYSIS

The Court finds that these six factors identified above weigh in favor of default. First, there are no material facts in dispute. Upon entry of default by the Clerk of Court, Chauncey is deemed to have admitted the allegations of fact pled in the Complaint. As such, no disputed material facts are present in this case. Second, it is also undisputed that more than seven months elapsed between service of the Complaint and Chauncey's failure to file an answer or otherwise respond. This "failure to respond threatens to bring the adversary process to a halt, effectively prejudicing [the United States'] interests."[12] Third, the grounds for default judgment against Chauncey are clearly established, as outlined by the Court above. Fourth, there is no evidence before the Court to indicate that Chauncey's failure to file an answer or otherwise respond was the result of a "good faith mistake or excusable neglect," particularly in light of the fact that he participated in person in the October 29, 2014 status conference. Fifth, Chauncey's failure to file a responsive pleading or otherwise defend the instant lawsuit for more than seven months mitigates the harshness of the default judgment. Finally, the Court is not aware of any facts that would give rise to "good cause" to set aside the default judgment if challenged by Defendant

---

[10] Id.

[11] See Nishimatsu Constr., 515 F.2d at 1206.

[12] Taylor v. City of Baton Rouge, 2014 WL 4177275, at *3 (M.D. La. 2014), quoting Ins. Co. of W. v. H & G Contractors, Inc., No. C–10–390, 2011 WL 4738197, at *3 (S.D. Tex. Oct. 5, 2011)(citing Lindsey, 161 F.3d at 893).

Chauncey. After consideration of these factors, the Court finds that entry of default judgment against Chauncey is appropriate under the circumstances.

Additionally, the Court must "assess the merits of the plaintiff's claims and find sufficient basis in the pleadings for the judgment."[13] The Court has thoroughly reviewed the exhibits and evidence provided by the United States in support of its motion along with the applicable law and jurisprudence. The Court finds that the United States has established by admitted facts and competent evidence that Chauncey is liable to the United States for the unpaid balances of his Form 1040 liabilities, Form 941 liabilities, and Form 940 liabilities as set forth in the motion.

## IV.   ENTRY OF RULE 54(b) JUDGMENT

Although highly unusual for this Court, the Court finds that entry of a Rule 54(b) judgment is appropriate under the particular facts of this case for all of the reasons set forth by the United States. Additionally, all parties to this matter received notice of this motion, and any other co-Defendant had the right to file an opposition to the entry of a Rule 54(b) judgment. As no co-Defendant has filed an opposition, probably in light of the fact that none of the co-Defendants will be personally liable for the unpaid balances of Chauncey's federal tax liabilities, the Court finds that the co-Defendants are not concerned that inconsistent judgments could result from entering a final judgment under Rule 54(b).

---

[13] *Id.*; *Nishimatsu Construction Co.*, 515 F.2d at 1206.

## V. CONCLUSION

For the reasons set forth above, the United States' *Motion for Entry of Default Judgment Against Edward W. Chauncey*[14] is GRANTED. The United States shall file a proposed *Judgment* within ten (10) days from the date of this *Ruling*.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 28 day of January, 2015.

SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[14] Rec. Doc. No. 29.